UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JIMENEZ-JIMENEZ, GERMAN,

      Petitioner,

    v.

MARKWAYNE MULLINS et al.,

      Respondents.

Case No. 2:26-cv-01696-AMB-BNW

ORDER

**BAGGIO, District Judge:**

Petitioner German Jimenez-Jimenez filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Pet. Habeas Corpus ("Pet."), ECF No. 1. Petitioner asserts that he is being detained in violation of his substantive and procedural due process rights under the Fifth Amendment and in violation of the Immigration and Nationality Act ("INA"). Pet. 11–12. Petitioner requests that the Court order Respondents to release him on parole under 8 U.S.C. § 1226(a)(2)(B) or provide him with a bond hearing under 8 U.S.C. § 1226(a)(2)(A), among other

1 – ORDER

things. Pet. 12. For the following reasons, the Court denies Petitioner's Petition and dismisses this action without prejudice.

## BACKGROUND

Petitioner is a national and citizen of Mexico. Pet. 4. Sometime in 2004, Petitioner entered the United States without inspection, admission, or parole by an immigration officer. Pet. 6; Pet. Ex. A, at 2, ECF No. 1-2. Petitioner otherwise has no prior immigration history. Pet. Ex. A, at 2.

On October 29, 2025, Las Vegas Metropolitan Police Department arrested Petitioner for the offense of domestic battery. *Id.* at 3. That case is still pending. *Id.* Petitioner was subsequently taken into the custody of Enforcement and Removal Operations on October 31, 2025. *Id.* at 2; *see also* Resp't's Resp. Ex. A, ECF No. 5-1 (I-862 Notice to Appear); Resp't's Resp. Ex. B, ECF No. 5-2 (I-200 Warrant for Arrest of Alien). Petitioner has been detained at the Nevada Southern Detention Center ever since. Pet. 2, 6.

Petitioner has other arrests for alleged criminal conduct. On April 23, 2023, Petitioner was arrested for "intimidating public officer and false statement to public officer." Pet. Ex. A, at 2. And on April 17, 2024, Petitioner was arrested for "domestic violence by strangulation and domestic battery." *Id.* at 3.

On April 20, 2026, Petitioner moved the Immigration Court for a custody redetermination and bond hearing. Pet. Ex. C, ECF No. 1-4 (Bond Motion). On April 27, 2026, the Immigration Judge ("IJ") denied Petitioner's request for a change in custody, finding Petitioner to be a danger to the community:

2 – ORDER

Danger to the community. This Court concludes that [Petitioner] is a danger to the community based on exhibit #2[1] and his arrest history. That charge is serious and recent. Moreover, this charge does not appear to be [Petitioner's] first incident relating to domestic violence. On April 17, 2024, [Petitioner] was charged with domestic violence (strangulation) and domestic battery. Those charges were dismissed, but the Court is not aware of the reason for the dismissal. See Matter of R-A-V-P-, 27 I&N Dec. 803 (BIA 2020); see also Matter of Guerra, 24 I&N Dec. 37 (BIA 2006).

Pet. Ex. B, at 1, ECF No. 1-3. Petitioner reserved the right to appeal the IJ's Order, id. at 2; however, Petitioner does not appear to have exercised that right, Resp't's Resp. 1, ECF No. 5. Petitioner instead filed this Petition.

## DISCUSSION

Petitioner argues that his continued detention violates his substantive and procedural due process rights under the Fifth Amendment and the INA. Pet. 11–12. Petitioner specifically challenges the IJ's custody redetermination Order, arguing that it was "legally flawed because it rested primarily upon unproven allegations and dismissed criminal charges despite the absence of any criminal conviction." Reply 4, ECF No. 8; see also id. at 6 ("Petitioner raises constitutional and legal challenges regarding the use of unproven allegations to justify prolonged detention."). The Court finds that Petitioner has not exhausted his administrative remedies. Accordingly, the Court denies Petitioner's Petition and dismisses this action without prejudice.

## I.     Removal Order

As an initial matter, the Court finds that although Petitioner was ordered removed on June 2, 2026, see Resp't's Resp. Ex. C, ECF No. 5-3 (Removal Order), Petitioner is not subject to mandatory detention under 8 U.S.C. § 1231(a)(2)(A) because he appealed his Removal Order to the Board of Immigration Appeals ("BIA"); thus the Removal Order is not administratively

---

[1] The Court notes that neither party attached to any filing "exhibit #2" as cited by the IJ in its April 27, 2026 Order.

3 – ORDER

final, *see* Resp't's Resp. Ex. D, ECF No. 5-4 (BIA Receipt of Appeal); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021) ("[T]he removal period begins when an alien is 'ordered removed,' and the removal order becomes 'administratively final.'"); 8 C.F.R. § 1241.1(a) ("An order of removal . . . shall become final . . . [u]pon dismissal of an appeal by the [BIA]."); 8 U.S.C. § 1231(a)(2)(A) ("During the *removal period*, the Attorney General *shall* detain the alien." (emphasis added)). Petitioner thus remains subject to the bond provisions of 8 U.S.C. § 1226. *See Singh v. Kramer*, No. 4:26-cv-3209, 2026 WL 2168306, at *2 (D. Neb. July 28, 2026).

## II.    Administrative Exhaustion

Respondents argue that the Court should deny Petitioner's Petition because he has failed to exhaust his administrative remedies "by appealing the IJ's decision to the BIA and receiving a decision, rather than immediately seeking the federal district court to review the IJ's decision." Resp't's Resp. 3. The Court agrees.

For habeas claims, "[t]he exhaustion requirement is prudential, rather than jurisdictional . . . ." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). A court may require prudential exhaustion if:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega–Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). If a petitioner does not exhaust their administrative remedies, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*

4 – ORDER

*v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Administrative exhaustion "prevent[s] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors." *Arsdi v. Holder*, 659 F.3d 925, 928 (9th Cir. 2011) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)).

"Nonetheless, even if the three *Puga* factors weigh in favor of prudential exhaustion, a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). A court's "discretion to waive the exhaustion requirement when it is prudentially required . . . is not unfettered." *Laing*, 370 F.3d at 998.

Here, applying the three *Puga* factors, the Court finds prudential exhaustion is required. First, because the BIA is the subject-matter expert for appeals of custody redetermination and bond decisions, the Court finds that BIA consideration of the IJ's decision—specifically the IJ's dangerousness finding—is necessary to generate a proper record and reach a proper decision regarding Petitioner's Petition. Second, permitting Petitioner to bypass the administrative scheme that governs appeals from bond and custody decisions, *see* 8 C.F.R. § 1236.1(d), would likely encourage deliberate bypassing of this scheme. Third, BIA review of a bond and custody redetermination decision—specifically a dangerousness finding—is likely to facilitate correction of any mistakes by the IJ and preclude the need for judicial review.

Petitioner argues that waiver of the exhaustion requirement is appropriate here because Petitioner raises constitutional and legal challenges, irreparable injury will result, and administrative remedies are inadequate. Reply 6; Pet. 7. The Court disagrees. As the Ninth

5 – ORDER

Circuit has said, "[p]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional." *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated by*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Here, Petitioner had the opportunity to appeal the IJ's custody redetermination and bond decision but apparently did not. Petitioner cannot now bypass the administrative scheme and petition this Court for relief.

Petitioner argues that he is not challenging the IJ's discretionary decision but rather "raises constitutional and legal challenges regarding the use of unproven allegations to justify prolonged detention." Reply 6; *see also id.* at 5 ("[T]he [IJ] gave dispositive weight to allegations that remain unproven and to charges that were dismissed."). The Court is not persuaded by Petitioner's theory. Under BIA precedent, an IJ may consider allegations of criminal activity in a custody redetermination and bond decision so long as the allegations are "probative and specific . . . ." *In re Guerra*, 24 I. & N. Dec. 37, 40–41 (BIA 2006). Indeed, in *In re Guerra*, the BIA found no error in the IJ's consideration of information "regarding the respondent's *alleged* involvement in a drug trafficking scheme in determining whether the respondent pose[d] a danger to the community." *Id.* at 40 (emphasis added). The BIA reasoned that "[i]n the context of removal proceedings, a criminal conviction is usually required to prove removability based on criminal grounds. No such requirement exists in bond proceedings." *Id.* at 40 n.2 (internal citation omitted); *see also id.* at 40 ("In the context of custody redeterminations, Immigration Judges are not limited to considering *only* criminal convictions in assessing whether an alien is a danger to the community."). The Ninth Circuit has favorably cited the factors set forth in *In re Guerra*. *See, e.g.*, *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). Accordingly, though Petitioner claims to be challenging a purely legal question, i.e., whether criminal allegations can support a finding of

6 – ORDER

dangerousness, the Court finds the Petition to present primarily factual questions relating to the

IJ's dangerousness determination and findings under the factors set forth in *In re Guerra*. For

this reason, the Court finds that appeal to the BIA would not be futile.[2]

**CONCLUSION**

The Court DENIES Petitioner's Petition for Writ of Habeas Corpus [1]. Accordingly, this

action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this __31st__ day of July, 2026.

_____
AMY M. BAGGIO
United States District Judge

---

[2] Petitioner cites two Ninth Circuit cases as emphasizing the distinction between convictions and allegations in immigration law: *Cerezo v. Mukasey*, 512 F.3d 1163 (9th Cir. 2008) and *Retuta v. Holder*, 591 F.3d 1181 (9th Cir. 2010). *See* Reply 3. Both of these cases, however, concern convictions for purposes of removal under 8 U.S.C. § 1227(a)(2)—not for purposes of bond and custody determinations under 8 U.S.C. § 1226(a).

7 – ORDER